MUNICIPAL COURT OF PROVIDENCE *vs.* BERNARD McCULLA.

PROVIDENCE—APRIL 21, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *Probate Law and Practice.   Action on Bond of Executor.*

An action may be maintained upon the bond of an executor under the provisions of Gen. Laws R. I. cap. 218, § 27, for failure to file the account of the legacies to be paid, required by Gen. Laws R. I. cap. 218, §§ 30, 31, if the executor has filed an inventory and an account showing the funds in hand, or has been cited so to do, without a further citation to the executor to file such account.

The words "if cited" in Gen. Laws R. I. cap. 218, § 27, apply only to cases where a citation is required.   Where a balance has been struck, the duty of an executor or administrator is to distribute it at once.   Another citation is not required.

The provisions of Gen. Laws R. I. cap. 218, §§ 15, 30, 31, are prospective in their operation, and were not intended to cut off a right of action already accrued.

Debt on the bond of an executor. Heard on petition of plaintiff for a new trial. New trial granted, and judgment entered for the plaintiff.

(1)   Stiness, J. The defendant was appointed executor of the will of Edward Galligan, October 2, 1877. The will gave the sum of six hundred dollars to his widow and two minor children, to be divided equally between them, and the residue of his estate also to them, their heirs and assigns.

In April, 1897, the widow having died, and no inventory or account having been filed by the executor, on the petition of the children, then of age, he was cited and ordered to account, which he did in July, 1897, showing a balance, over probate charges, of $604.66. This sum he claimed to have paid in full to Ellen Galligan, the widow of the testator. The two children then brought this suit upon his bond, alleging failure to file inventory and to account as required by law, and failure to administer according to law and the provisions of the will, as breaches of the condition of the bond. On waiver of jury trial, the case was heard by a single justice, who decided that there was no breach on the ground of failure to file inventory and account within the time prescribed by statute, because this had been done under the authority and pursuant to the order of the Probate Court after citation ; also that the action could not lie for non-payment of legacies, because of the provisions of Gen. Laws, cap. 218, §§ 15, 30, 31. Section 15 provides that a legatee may recover his legacy in an action at common law, but no action shall be brought until the executor has accounted under sections 30, 31, or failed to comply with the terms thereof.

These last two sections provide that within three years after the date of the first advertisement, or such further period as the court may allow, the executor shall file in the Probate Court an account setting out the legacies to be paid and the property to be turned over. If found correct, this account is to be certified to the Appellate Division of the Supreme Court, where a final and conclusive decree is to be entered. The statute uses the word "account," but what is

set out is only a statement of legacies and assets.    Formerly an executor had to run the risk of construing a will and paying legacies, relying on the allowance of his account in the Probate Court.    But these provisions, adopted after the decision in *Williams* v. *Herrick*, 18 R. I. 120, affirming *Arnold* v. *Smith*, 14 R. I. 217, that Probate Courts have no jurisdiction to allow the payment of legacies, enable an executor to bring the matter of construction, payment, abatement, &c., before the Supreme Court for a conclusive decree.    These sections are therefore largely, if not primarily, for the protection of the executor in settling the rights of the parties. As these sections were not added to the statutes until long after the three years had expired, it may be doubtful whether they apply to this case; but assuming them to be simply a change in remedy, it is clear that their terms do not prevent this action.    Before these sections were adopted a legatee could sue for his legacy at law, as a creditor could sue.    Gen. Stat. cap. 178, § 24 ; Pub. Stat. cap. 189, § 23.    A residuary legatee, however, could not sue until the residue had been ascertained.    *Municipal Court* v. *Henry*, 11 R. I. 563.    But, in any case, suit could not be brought on the bond for neglect to file inventory or to account until after a citation to the executor or administrator.    In this respect creditors and legatees stood alike.    Pub. Stat. cap. 191, §§ 16, 17.    This provision is continued in Gen. Laws, cap. 220, §§ 33, 34.

It is contended, however, that under Gen. Laws, cap. 218, § 27, an action cannot now be brought on the bond until after a citation in any case.    The section provides that if an executor or administrator shall neglect to raise money out of the estate, or to pay over what he has in hand to the creditors whose claims are established, or otherwise fail to perform his duties, and, "if cited before the Probate Court, shall fail to show reasonable cause therefor, said court may decree that he is guilty of unfaithful administration, and thereupon an action may be brought upon the bond "  .   .   .   by any such creditor.    These various provisions are in different chapters, and have been adopted at different times, so that they are somewhat confusing.    It is clear, however, that for neg-

lect to file inventory or account there must be a citation to the executor or administrator before suit on the bond. It is also clear that a legatee cannot sue until after the executor has filed the account of the legacies to be paid, with the amount to be turned over to residuary legatees or to trustees, or has failed to file such account. The question before us, then, comes down to this : must there be another citation for this account, if it be an account, before a legatee can sue for failure to file such account ?

We think not. It may often happen that inventories and accounts are delayed for fuller information, for better collection, for more advantageous times for sales, and for various hindrances, without objection by the parties interested. Hence it is provided that mere delay shall not be deemed to be a breach of a bond until the parties have applied to the Probate Court for a citation and its order thereon. But this having been done, and the account having been made showing the funds in hand, there is no further provision for a citation, unless it be Gen. Laws, cap. 218, § 27, as above set forth. It may be claimed that the words " if cited " in that section require a citation in all cases. Up to the time of the settlement of the account there may be reason, as we have seen, for delay. But when the balance is struck, the duty is to distribute it at once. There is nothing more to wait for and no need for another citation. Creditors and legatees alike are then entitled to payment. After settling the debts an executor must apply to the court for an order to pay legacies, or else, if he fails to do so, he is liable to a suit. The words " if cited," in section 27, therefore, can only apply to cases where a citation is required, and not to a case like the one before us, where no citation is required. Moreover, section 27 applies by its terms only to creditors of the estate, and not to legatees.

We are therefore of opinion that Gen. Laws, cap. 218, §§ 15, 30, and 31, were intended to be prospective in their operation and not to cut off a right of action already accrued ; that by its terms it did not cut off the right of action in this case ; that, the citation required by law having been duly

issued and the account having been duly filed and allowed in the Probate Court, showing a balance in the hands of the executor, this action can be maintained; that, as the testimony shows no payment of the legacies to the legatees, for whose benefit this suit is brought, or to their guardians, a breach of the bond appears.

Judgment will therefore be entered for the plaintiff for the penal sum of the bond, which will stand for chancerization.

*Christopher E. Champlin*, for plaintiff.

*Page & Page and Wilson & Jenckes*, for defendant.