PROBATE COURT OF PAWTUCKET vs. GEORGE FRED WIL-
LIAMS et al.

PROVIDENCE—JANUARY 20, 1902.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Probate Law and Practice.    Judgment Creditors.    Citation to Execu-
tor.    Suit on Bond.*

Gen. Laws cap. 220, § 22, providing that before suit upon a bond by a cred-
itor he must first have his debt ascertained by judgment, unless the
same shall have been allowed otherwise, and prove that demand has
been made and that the executor or administrator has refused or neg-
lected to satisfy the same, must be taken in connection with Gen. Laws
cap. 218, § 27, providing that no creditor can sue upon the bond unless
the executor or administrator shall neglect or refuse to pay money in
his hands to creditors or shall fail to show reasonable cause therefor
after being cited before the Probate Court. ＼
Hence, before an order for payment or distribution, a judgment creditor
cannot bring suit upon the bond under Gen. Laws cap. 220, § 22, with-
out showing a compliance with Gen. Laws cap. 218 § 27.
Explaining *Municipal Court* v. *McCulla*, 21 R. I. 273.

DEBT ON BOND.   The facts are stated ·in the opinion.
Heard on demurrer to declaration, and demurrer sustained. ·

STINESS, C. J.   The declaration alleges that the defend-
ant Williams gave bond as the executor of the will of Amey
M. Starkweather; that he violated the conditions thereof in
this, that he has not well and truly administered according
to law and the provisions of the will; that he has made no
account of his doings as executor to the Court of Probate of
Pawtucket; and, although Joseph U. Starkweather, admin-
istrator upon the estate of James O. Starkweather, has a
debt which has been reduced to judgment and presented to
said Williams, that the latter has neglected and refused to
pay the same, although duly requested, whereupon an action
hath accrued to the plaintiff.

The defendants demur to the declaration on the ground
that the declaration does not state that Williams has been
cited before the Probate Court to show reasonable cause for
not having paid said Starkweather, administrator, as a cred-

itor, or for not having performed his duties as executor, as the plaintiff declares against him.

(1)    The question at issue between the parties is whether a citation to the executor was necessary before bringing suit upon the bond.

The plaintiff relies on Gen. Laws cap. 220, § 22, which provides that, before suit upon a bond by a creditor, he must first have his debt ascertained by judgment, unless the same shall have been allowed otherwise, and prove that demand has been made and that the executor or administrator has refused or neglected to satisfy the same.    It is claimed that all this is alleged.

If this were the only provision of the statute, undoubtedly the plaintiff's claim would be correct.

But Gen. Laws, cap. 218, § 27, provides that no creditor can sue upon the bond unless the executor or administrator shall refuse or neglect to pay money in his hands to creditors, or shall fail to show reasonable cause therefor after being cited before the Probate Court.

In *Municipal Court* v. *McCulla*, 21 R. I. 273, we pointed out the distinction between creditors and legatees, and that the Gen. Laws cap. 218, § 27, applied only to creditors.    The reason for a citation in their case is that, although the general scheme of the statute calls for a settlement of estates within two years, there may be cases in which, by reason of litigation, entanglement of property, inability to make full collections, and other hindrances, delay in a full settlement of the claims against an estate is unavoidable.    Hence a citation is properly required before suit is allowed upon a bond by creditors.

But legatees are in a different position.    Before their rights can be ascertained, as a rule, the debts must be paid, the estate practically settled, and an account be made to the Court of Probate, setting forth the legacies to be paid and the property to be turned over to the residuary legatees, which account is to be certified to the Appellate Division of the Supreme Court for adjudication.

As was said in *Municipal Court* v. *McCulla:* "When the balance is struck the duty is to distribute at once. There is nothing more to wait for, and no need for another citation." We then added: "Creditors and legatees alike are then entitled to payment." It would seldom if ever happen that there would be an unpaid creditor after an order for distribution; but it might be so, and in such case we sought to show that as a citation would be useless, all questions having been settled and payment due, it could not have been intended by the statute that there should be a citation under chapter 218, section 27.

In that case the executor was cited to account after a delay of nearly twenty years, and he did account, showing a balance in his hands. The question was whether he should be cited again before suit upon the bond, and it was held that it was not necessary in the case of legatees, but that it would be in the case of creditors, unless there had been an order for payment or distribution.

The present case being that of a creditor, and it being possible that the Court of Probate may find reasonable ground for delay in payment, a citation is necessary, even though the debt in this case has been reduced to judgment.

The plaintiff argues that there is a distinction between Gen. Laws cap. 218, § 27, and cap. 220, § 22, the latter relating to judgment creditors and the former to those who have not secured judgment. No such distinction is made in the statute. On the contrary, chapter 220, section 22, applies both to judgment creditors and those whose claims have been allowed by the executor and administrator.

A judgment is only necessary in contested claims. When the debt is ascertained by judgment, it does not stand upon any higher ground in respect to payment or suit than any other debt against the estate. A judgment creditor has no superior right over a creditor whose claim has been allowed. Both are creditors, and both must cite the administrator before suit upon the bond.

The declaration, therefore, does not state a right to sue

upon the bond, no averment of citation being made, and the demurrer to the declaration is sustained.

*E. D. Bassett*, for plaintiff.

*Arnold Green*, for defendants.